UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

REBECCA A. BRANDT,

      Defendant.

Case No. 2:12-cv-1132
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on Plaintiff the United States of America's Motion for

Summary Judgment (ECF No. 12), which is unopposed by Defendant Rebecca A. Brandt.  For

the reasons set forth below, the Court **GRANTS** the United States' motion.

I.

Ms. Brandt failed to file federal income tax returns for tax years 2001 and 2002.  The

Internal Revenue Service ("IRS") conducted an examination of her federal income tax liabilities

for those years.  The IRS computed Ms. Brandt's taxable income, penalties, and interest for the

2001 and 2002 tax years by IRS Form W-2 and IRS Form 1099 information statements submitted

to the IRS from third-parties that reported payments to her for tax years 2001 and 2002.  Based

on the income information received from third parties, the IRS calculated the tax due and also

provided Brandt with IRS documents reflecting Brandt's income, deductions, exemptions,

credits, tax, penalties, and interest for the 2001 and 2002 tax years.

As a result of the examination, the IRS made assessments against Ms. Brandt for federal

income taxes, interest, and penalties for tax years 2001 and 2002.  With additions, including

interest and penalties, the amount due as of August 1, 2013 for tax year 2001 is $116,083.66 and for tax year 2002 is $235,332.39. According to IRS transcripts of account, notices of the above assessments and demands for payment were sent to Mr. Brant. Ms. Brandt has failed to pay any of the amount assessed against her.

On December 7, 2012, the United States filed this action, seeking to reduce to judgment federal income tax assessments made against Brandt for the 2001 and 2002 tax years. Defendant filed her answer on January 3, 2013.

On March 1, 2013, this Court issued its preliminary pretrial order, which set the case for June 2013 settlement week. In that Order, Ms. Brandt was directed to, *inter alia*, submit a settlement proposal by May 1, 2013.

On May 13, 2013, this Court ordered the parties to attend mandatory mediation on June 12, 2013. As required by the Court, government's counsel sent Ms. Brandt and the mediator a settlement statement, which included a proposed stipulated judgment for the amounts set forth in the Complaint. Brandt did not submit a mediation statement to the mediator and government's counsel, attend the mediation, or otherwise respond to government counsel.

On June 18, 2013, this Court issued an order requiring Ms. Brandt to "show good cause within 14 days of the date of this order why she should not be sanctioned." (ECF No. 10.) Ms. Brandt made no response to that order.

On August 19, 2013, the United States filed its motion for summary judgment. Plaintiff has failed to respond to that motion.

## II.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party

who has the burden of proof at trial fails to make a showing sufficient to establish the existence

of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986)). A genuine issue of material fact exists if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986) (the requirement that a dispute be "genuine" means that there must be more than "some

metaphysical doubt as to the material facts"). "The evidence of the nonmovant is to be believed,

and all justifiable inferences are to be drawn in his favor." *Liberty Lobby, 477 U.S.* at 255 (citing

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

Ms. Brandt has failed to respond to the governments discovery requests or to abide by any

order issued by this Court in the last year, including an order to show cause why she should not

be sanctioned that was issued nine months ago. It is clear that Ms. Brandt has chosen not to

defend herself in this action. The Court will, therefore, decide Plaintiff's Motion for Summary

Judgment, which has been pending and unopposed for over six months.

## III.

As this Court has previously explained in a tax assessment case very similar to this one,

"[t]he IRS's assessment is entitled to a presumption of correctness." *United States v. Houck*, C-1-

01-541, 2004 WL 2649533 (S.D. Ohio Oct. 5, 2004) (citing *Sinder v. United States*, 655 F.2d

729, 731 (6th Cir. 1981). In *Sinder*, the Sixth Circuit stated:

[T]he burden on the taxpayer is not merely a burden of producing evidence; it is a

3

burden of persuasion by the preponderance of the evidence that the assessment is not correct. Only if that is shown must the government show . . . what the correct assessment is.

S*inder*, 655 F.2d at 731 (*citing Higgenbotham v. United States,* 556 F.2d 1173, 1175 (4th Cir. 1977)). "In determining whether the IRS's tax assessments are valid, Certificates of Assessments and Payments (identified as Forms 4340) 'are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made.'" *Houck*, 2004 WL 2649533, at *2 (citing *Gentry v. United States,* 962 F.2d 555, 557 (6th Cir. 1992)); *see also Lewis v. U.S.*, 101 A.F.T.R.2d 2008-2125 (W.D. Tenn. 2008) ("'A certificate of assessments and payments is presumptively correct and establishes prima facie proof of tax liability.'") (quoting *United States v. Hillman*, 60 F. App'x 563, 564 (6th Cir. 2003)); *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness - a presumption that can help the Government prove its case against a taxpayer in court."). "'If a taxpayer does not present evidence indicating to the contrary, [the] court may properly rely on the forms and conclude that valid assessments were made.'" *Id.* (quoting *Guthrie v. Sawyer,* 970 F.2d 733, 737–738 (10th Cir. 1992)). Here the government has submitted certified transcripts, Form 4340, of Ms. Brandt's 2001 and 2002 federal income tax liabilities, transcripts of account, and notices, all properly authenticated. (ECF No. 12-1, 12-2, 12-3, 12-4, 12-5, 12-6.)

Thus, the Court finds, like it did in *Houck*, that Ms. Brandt "has not responded to the motion, nor provided any evidence to rebut the presumptive validity and accuracy of the IRS assessments against him." *Houck*, 2004 WL 2649533, at *2. Accordingly, the Court finds that the United States is entitled to judgment as a matter of law.

## IV.

Based on the foregoing, the Court **GRANTS** the United States' Motion for Summary Judgment.  (ECF No. 11.)  Plaintiff is entitled to recover $116,083.66, for Ms. Brandt's 2001 tax liability and $235,332.39, for her 2002 liability, plus statutory accruals for each amount after August 1, 2013.

**IT IS SO ORDERED.**

3-26-2014
_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

5